UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

PEOPLE OF THE STATE OF NEW YORK
BY ANDREW M. CUOMO, ATTORNEY GENERAL
OF THE STATE OF NEW YORK,

                Plaintiff,

                -v-

BAY IMAGING, PC; DR. RUBEN FLEURANTIN,
INDIVIDUALLY AND AS PRESIDENT OF BAY
IMAGING PC, ARAM FLEURANTIN,

                Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
08-CV-1133 (NG) (LB)

BLOOM, United States Magistrate Judge.

On or about April 26, 2007, plaintiff brought suit against defendants in New York State Supreme Court, Kings County, for *inter alia*, deceptive business practices. See Verified Petition, annexed to Notice of Removal. On July 23, 2007, defendants were directed to show cause in New York State Supreme Court, Kings County, why they should not be held in civil and criminal contempt of court. See Order to Show Cause, annexed to Notice of Removal. On March 19, 2008, Ruben Fleurantin, filed a notice of removal, removing the case to this Court. On March 26, 2008, Aram Fleurantin also filed a notice of removal. For the reasons stated below, the action is remanded to New York State Supreme Court, Kings County.

**DISCUSSION**

**Removal**

Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to the district court "for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal

1

statutes are to be strictly construed, however, and any doubts resolved in favor of remand. See Beatie and Osborn LLP v. Patriot Scientific Corp., 431 F.Supp.2d 367, 382-83 (S.D.N.Y. 2006). The burden of showing that the exercise of jurisdiction by this Court is proper rests with the party seeking removal. See California Public Employees' Retirement System v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004); Grimo v. Blue Cross/Blue Shield of Vermont, 34 F.3d 148, 151 (2d Cir. 1994).

At the outset, the Court notes that this case was not properly removed, because the notices of removal were not filed within the required period of time. To be timely, a notice of removal must be filed "within thirty days after the receipt by the defendant ... of a copy of the initial pleading ... or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant." 28 U.S.C. § 1446(b). See Murray v. Deer Park Union Free Sch. Dist., 154 F.Supp.2d 424, 426 (E.D.N.Y. 2001); see also Bertrand v. Vingan, 899 F.Supp. 1198, 1199 (S.D.N.Y.1995) (noting that a defendant seeking a removal must strictly comply with the statutory requirements). Plaintiff's verified petition was filed in Supreme Court, Kings County on April 26, 2007. Ruben and Aram Fleurantin did not file their notices of removal in this Court until March 19, 2008, and March 26, 2008, respectively, more than thirty days after their receipt of the verified petition.

**Lack of Subject Matter Jurisdiction**

Even if defendants' notices of removal were timely, this Court lacks subject matter jurisdiction over the claims. The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y&H Corp., 546 U.S. 500 (2006). Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship

jurisdiction. Id. Section 1332 jurisdiction is present where there is a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. Id. (citing § 1332(a)). The instant case clearly lacks diversity. The Supreme Court has provided that "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." Hagans v. Lavine, 415 U.S. 528, 537 (1974) (quoting Ex parte Poresky, 290 U.S. 30, 31-32 (1933)).

Accordingly, if defendants cannot present a substantial federal question, this court lacks subject matter jurisdiction over their claim. See Fed. R.Civ.P. 12 (h)(3); Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001). "A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 126 S.Ct. at 1244 (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)). Although defendants are proceeding *pro se,* and their pleadings are held to less stringent standards than pleadings drafted by lawyers, Hughes v. Rowe, 449 U.S. 5, 9 (1980), they still must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F.Supp.2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

Ruben Fleurantin attempts to invoke this Court's jurisdiction pursuant to § 1331, by alluding to violations of federal law. Specifically, he alleges that being found in criminal and civil contempt, incarceration for eleven months and receiving a monetary fine, all violated his right to equal protection. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A federal law issue raised by defendant's defense or counterclaim is not sufficient for removal of a case from state to federal court. Beneficial Nat'l Bank v. Anderson., 539 U.S. 1, 6 (2003); Holmes Group Inc. v. Vornado Air, 535 U.S. 826, 831 (2002).

## CONCLUSION

Accordingly, as this Court lacks subject matter jurisdiction, the action is remanded to New York State Supreme Court, Kings County. 28 U.S.C. § 1447(c); Fed.R.Civ.P. 12(h)(3). The Clerk of Court is directed to immediately send a certified copy of this order to the Clerk of Court of the Supreme Court, Kings County and to close this case. Although defendants have paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: Brooklyn, New York
March 27, 2008

4